UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-733** |
| **TERRY TERRELL, WARDEN** | **SECTION "G"(5)** |

### ORDER AND REASONS

Before the Court are Petitioner Timothy Washington's ("Petitioner") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Petitioner, a state prisoner incarcerated in the Allen Correctional Center in Kinder, Louisiana, filed a petition pursuant to 28 U.S.C. § 2254 contesting the sufficiency of the evidence supporting his underlying convictions, challenging the constitutionality of his sentence, and arguing that his trial counsel was constitutionally ineffective.[3] The Magistrate Judge recommended that Petitioner's claims be dismissed with prejudice on the merits,[4] and Petitioner objects to the recommendation.[5] After reviewing the petition, the Magistrate Judge's Report and Recommendation, the relevant pleadings, the state court record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's Report and Recommendation, and dismiss Petitioner's habeas corpus petition with prejudice.

---

[1] Rec. Docs. 14, 15.

[2] Rec. Doc. 13.

[3] Rec. Doc. 1.

[4] Rec. Doc. 13.

[5] Rec. Docs. 14, 15.

# I. Background

*A.     Factual Background*

On November 14, 2008, Petitioner was charged by Bill of Information with two counts of attempted second degree murder.[6] On August 18, 2009, following a one-day bench trial, Petitioner was found guilty of both counts.[7] On December 15, 2009, the trial court sentenced Petitioner to imprisonment for a concurrent term of 30 years as to both counts.[8] The Louisiana Fourth Circuit Court of Appeal affirmed Petitioner's convictions and sentences on January 26, 2011.[9] On September 16, 2011, the Louisiana Supreme Court denied Petitioner's related writ application, without written reasons.[10]

Petitioner filed an application for post-conviction relief with the state trial court on July 26, 2012.[11] On February 19, 2013, the state trial court denied Petitioner's application on the merits.[12] Petitioner's related writ application was denied be the Louisiana Fourth Circuit on June 27, 2013.[13] Petitioner's subsequent request for review by the Louisiana Supreme Court was denied on February 21, 2014.[14]

---

[6] State Rec., Vol. I of V, Bill of Information.

[7] State Rec., Vol. I of V, Minute Entry, August 18, 2009.

[8] State Rec., Vol. III of V, Sentencing Transcript, December 15, 2009.

[9] *State v. Washington*, No. 2010-KA-1026 (La. App. 4th Cir. 1/26/11), 2011 WL 9159674. State Rec., Vol. III of V.

[10] *State v. Washington*, No. 2011-KO-422 (La. 9/16/11); 69 So.3d 1146. State Rec., Vol. III of V.

[11] State Rec., Vol. V of V, Uniform Application for Post-Conviction Relief, July 26, 2012.

[12] State Rec., Vol. V of V, Order, February 19, 2013.

[13] *State v. Washington*, No. 2013-K-0810 (La. App. 1st Cir. 6/27/13). State Rec., Vol. V of V.

[14] *State ex rel. Washington v. State*, No. 2013-KH-1821 (La. 2/21/14); 133 So.3d 675. State Rec., Vol. V of V.

Petitioner filed this federal habeas petition on March 7, 2014.[15] Petitioner raises four claims for relief: (1) the State presented insufficient evidence to prove his identity as the perpetrator of the crime; (2) the State presented insufficient evidence that he had specific intent to kill the victims and failed to negate the possibility that he acted in self-defense; (3) his sentences are constitutionally excessive; and (4) his trial counsel was constitutionally ineffective for failing to file a motion to reconsider his sentences.[16] In response, the State argues that the state courts' determinations on each of Petitioner's claims were not contrary to, nor an unreasonable applications of, federal law.[17]

## B. *Report and Recommendation Findings*

The Magistrate Judge recommends that this Court dismiss Petitioner's claims with prejudice on the merits.[18] The Magistrate rejected Petitioner's claim that the State failed to negate the possibility that the victims misidentified Petitioner, finding that both victims positively identified Petitioner.[19] The Magistrate noted that any argument regarding the credibility of the victims was beyond the scope of habeas review.[20] The Magistrate Judge also rejected Petitioner's claim that the State failed to establish that he had the specific intent to kill, noting that Petitioner fired at the victims' vehicle from close range at least five times.[21] The Magistrate found Petitioner's argument that he was startled by a noise or fearful of the victims to be unsupported by the evidence

---

[15] Rec. Doc. 1.

[16] *Id.*

[17] Rec. Doc. 12.

[18] Rec. Doc. 13.

[19] *Id.* at 14–15.

[20] *Id.* at 15 (citing *Schlup v. Delo*, 513 U.S. 298, 330 (1995); *Ramirez v Dretke*, 398 F.3d 691, 695 (5th Cir. 2005)).

[21] *Id.* at 15–16.

3

because Petitioner's defense at trial based on his own testimony was one of misidentification (i.e., not being present at the scene of the crime), rather than self-defense.[22] Accordingly, the Magistrate Judge determined that Petitioner could not show that the state court's decision rejecting his sufficiency of the evidence claims was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.[23]

The Magistrate Judge also found Petitioner's claim that his sentence was unconstitutionally excessive without merit.[24] The Magistrate noted that any claim that the state trial court failed to comply with state sentencing rules was not cognizable under federal habeas review.[25] Moreover, the Magistrate determined that this was not an extraordinary case where the sentence is unconstitutionally disproportionate to the crime, noting that Petitioner's sentences of 30 years imprisonment for attempted second degree murder were within the middle of the statutory range.[26] Considering that Petitioner fired five shots at the vehicle without any apparent provocation and that both victims received gunshot wounds that required medical attention, the Magistrate determined that the 30 year sentences did not qualify as the rare situation in which the difference between the crime and the sentence was unconstitutionally disproportionate.[27] Accordingly, the Magistrate Judge determined that Petitioner could not show that the state court's decision rejecting

---

[22] *Id.* at 16.

[23] *Id.*

[24] *Id.*

[25] *Id.* at 17 (citing *Butler v. Cain*, 327 F. App'x 455, 457 (5th Cir. 2009); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987)).

[26] *Id.* at 18.

[27] *Id.* at 19–20.

his excessive sentence claim was contrary to, or involved an unreasonable application of, clearly established federal law.[28]

Finally, the Magistrate Judge rejected Petitioner's claim that his counsel was ineffective for failing to move for reconsideration of Petitioner's sentences.[29] The Magistrate determined that Petitioner's claim fails under the second prong established by the Supreme Court in *Strickland v. Washington* for lack of resulting prejudice because Petitioner had not established that his sentences were excessive.[30] Consequently, the Magistrate found that Petitioner had failed to demonstrate that the state court's decision rejecting his ineffective assistance claim was contrary to, or involved an unreasonable application of, clearly established federal law.[31] Accordingly, the Magistrate Judge recommended that Petitioner's federal habeas corpus petition be dismissed with prejudice.[32]

## II. Objections

### A. *Petitioner's Objections*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[33] Petitioner contends that the evidence was insufficient to support his conviction because the victims could not identify him and did not provide any physical description of the perpetrator.[34] Petitioner argues that the police officer obtained a photograph of him and used the photograph to create a photo-

---

[28] *Id.* at 20.

[29] *Id.*

[30] *Id.* at 23–24 (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)).

[31] *Id.* at 24.

[32] *Id.*

[33] Rec. Docs. 14, 15.

[34] Rec. Doc. 14 at 4.

5

array which was unnecessarily suggestive.[35] Petitioner contends that the police officer entered his home without a search warrant and obtained the photograph during this allegedly illegal search and seizure.[36] Moreover, Petitioner argues that the trial court erred in allowing the photograph to be admitted into evidence.[37] Petitioner presents an affidavit by his girlfriend, Danielle Algere, wherein she attests that the police officer ordered her to leave her house by gunpoint and that she did not give anyone permission to search her house.[38]

Petitioner also objects to the Magistrate's finding that his ineffective assistance of counsel claim was without merit.[39] Specifically, Petitioner argues that his counsel's failure to file a motion for reconsideration of sentence prejudiced him because it denied him the opportunity to present mitigating factors which could have resulted in a lesser sentence.[40] Petitioner contends that he could have presented the following mitigating factors to support a lesser sentence: (1) he had not been involved in any criminal activity for 15 years; (2) he maintained a steady job; and (3) he supported his girlfriend and her family.[41]

### B. State's Opposition

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing.

---

[35] *Id.*

[36] Rec. Doc. 15 at 1–2.

[37] *Id.* at 2.

[38] *Id.* at 5.

[39] Rec. Doc. 14 at 6.

[40] *Id.*

[41] *Id.*

### III. Standard of Review

*A.     Standard of Review of a Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[42] The District Judge must "determine de novo any part of the [Report and Recommendation] that has been properly objected to."[43] A District Court's review is limited to plain error for parts of the report which are not properly objected to.[44]

*B.     Standard of Merits Review Under the AEDPA*

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions was revised "to ensure that state-court convictions are given effect to the extent possible under law."[45] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[46] A state court's determinations on mixed questions of law and fact or pure issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an

---

[42] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[43] Fed. R. Civ. P. 72(b)(3).

[44] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

[45] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[46] 28 U.S.C. § 2254(d)(2).

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[47]

Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:

A state court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[48]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[49] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[50]

## IV. Law and Analysis

### A.   *Sufficiency of the Evidence*

Petitioner objects to the Magistrate's finding that the evidence was sufficient to support his conviction, arguing that the victims could not identify him and did not provide any physical description of the perpetrator.[51] Petitioner argues that the police officer obtained a photograph of

---

[47] 28 U.S.C. § 2254(d)(1).

[48] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (internal citations and quotation marks omitted).

[49] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[50] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (internal quotation marks omitted).

[51] Rec. Doc. 14 at 4.

8

him during an unlawful search of his home and used the photograph to create a photo-array which was unnecessarily suggestive.[52]

In *Jackson v. Virginia*, the Supreme Court held that an "applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."[53] As the Supreme Court explained:

> [T]his inquiry does not require a court to ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[54]

It is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."[55] Thus, "[t]he jury's finding of facts will be overturned only when necessary to preserve the fundamental protection of due process of law."[56]

Petitioner was convicted of attempted second degree murder. Under Louisiana law, "[t]o sustain a conviction for attempted second degree murder, the state must prove that the defendant: (1) intended to kill the victim; and (2) committed an overt act tending toward the accomplishment of the victim's death."[57] "Specific intent may inferred from the circumstances surrounding the offense and the conduct of the defendant."[58]

---

[52] *Id.*; Rec. Doc. 15 at 1–2.

[53] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

[54] *Id.* at 319 (emphasis in original) (internal quotation marks and citations omitted).

[55] *Id.*

[56] *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008) (internal quotation marks and citations omitted).

[57] *State v. Bishop*, 01-2548 (La. 1/14/03); 835 So.2d 434, 437 (citing La. R.S. 14:27; 14:30.1).

[58] *Id.*

At trial, the elements of the crimes were established through the victims' testimony and supporting evidence. Both victims testified that Petitioner was the shooter.[59] As the Fifth Circuit has recognized, a victim's testimony and positive identification of a defendant are alone sufficient evidence to support a conviction.[60] Moreover, the crux of Petitioner's argument regarding his insufficiency of the evidence claim hinges on issues of credibility. However, as the Supreme Court has recognized "the assessment of the credibility of witnesses is generally beyond the scope of [habeas] review."[61] On habeas review, the Court "must defer to the fact-finder to evaluate the credibility of witnesses."[62]

Petitioner contends that the victims' identifications of him as the perpetrator were not credible because the police obtained a photograph of him during an illegal search, and used the photograph to create a photo-array which was unnecessarily suggestive.[63] "Admissibility of identification evidence is determined by (1) whether the identification procedure was 'unduly suggestive' and (2) whether the procedure posed 'a very substantial likelihood of irreparable misidentification.'"[64] "Photo arrays may be suggestive if the suspect is the only person closely resembling the description, or if the subjects of the photographs are 'grossly dissimilar in appearance to the suspect.'"[65] In *United States v. Saenz*, the Fifth Circuit found that a six-person

---

[59] State Rec., Vol. III of V, Trial Transcript, pp. 65–68, 99.

[60] *Peter v. Whitley*, 942 F.2d 937, 941–42 (5th Cir. 1991).

[61] *Schlup v. Delo*, 513 U.S. 298, 330 (1995).

[62] *Knox v. Butler,* 884 F.2d 849, 851–52 (5th Cir. 1989).

[63] Rec. Doc. 14 at 4.

[64] *United States v. Saenz*, 286 F. App'x 166, 169 (5th Cir. 2008) (citing *United States v. Rogers*, 126 F.3d 655, 658 (5th Cir. 1997)).

[65] *Id.* (citing *United States v. Wade*, 388 U.S. 218, 233 (1967)).

At trial, the elements of the crimes were established through the victims' testimony and supporting evidence. Both victims testified that Petitioner was the shooter.[59] As the Fifth Circuit has recognized, a victim's testimony and positive identification of a defendant are alone sufficient evidence to support a conviction.[60] Moreover, the crux of Petitioner's argument regarding his insufficiency of the evidence claim hinges on issues of credibility. However, as the Supreme Court has recognized "the assessment of the credibility of witnesses is generally beyond the scope of [habeas] review."[61] On habeas review, the Court "must defer to the fact-finder to evaluate the credibility of witnesses."[62]

Petitioner contends that the victims' identifications of him as the perpetrator were not credible because the police obtained a photograph of him during an illegal search, and used the photograph to create a photo-array which was unnecessarily suggestive.[63] "Admissibility of identification evidence is determined by (1) whether the identification procedure was 'unduly suggestive' and (2) whether the procedure posed 'a very substantial likelihood of irreparable misidentification.'"[64] "Photo arrays may be suggestive if the suspect is the only person closely resembling the description, or if the subjects of the photographs are 'grossly dissimilar in appearance to the suspect.'"[65] In *United States v. Saenz*, the Fifth Circuit found that a six-person

---

[59] State Rec., Vol. III of V, Trial Transcript, pp. 65–68, 99.

[60] *Peter v. Whitley*, 942 F.2d 937, 941–42 (5th Cir. 1991).

[61] *Schlup v. Delo*, 513 U.S. 298, 330 (1995).

[62] *Knox v. Butler,* 884 F.2d 849, 851–52 (5th Cir. 1989).

[63] Rec. Doc. 14 at 4.

[64] *United States v. Saenz*, 286 F. App'x 166, 169 (5th Cir. 2008) (citing *United States v. Rogers*, 126 F.3d 655, 658 (5th Cir. 1997)).

[65] *Id.* (citing *United States v. Wade*, 388 U.S. 218, 233 (1967)).

photo lineup was not unnecessarily suggestive were it consisted of photographs of Hispanic males with physical similarities to the defendant.[66]

Prior to trial, the trial court denied Petitioner's motion to suppress the victims' identification.[67] During the hearing on the motion to suppress, Detective Aaron Cronk testified that Petitioner's girlfriend provided officers with a color photograph of Petitioner.[68] Detective Cronk testified that he found a mug-shot of Petitioner in the state system, and used the photograph provided by Petitioner's girlfriend to verify that the individual in the mug shot was Petitioner.[69] Detective Cronk stated that he used the mug shot to create "two six-pack lineups."[70] Detective Cronk testified that he used a computer program to generate the lineups based on Petitioner's "race, sex, height, weight, [and] hairstyle."[71] The lineups were presented to each victim individually, and both victims identified Petitioner as the perpetrator.[72] Petitioner presents no argument as to how this identification procedure was unnecessarily suggestive. The police used a six-person photo lineup consisting of photographs of individuals with similar physical characteristics. Therefore, there is no evidence to suggest that the lineup was unnecessarily suggestive.[73]

Petitioner also argues that the photograph of him was obtained through an unlawful search and seizure. Petitioner presents an affidavit by his girlfriend, Danielle Algere, wherein she attests

---

[66] *Id.*

[67] State Rec., Vol. III of V, Hearing Transcript at 69, April 29, 2009.

[68] *Id.* at 7.

[69] *Id.* at 7, 25–26.

[70] *Id.* at 9.

[71] *Id.* at 9–11.

[72] *Id.*

[73] *See Saenz*, 286 F. App'x at 169.

that the police officer ordered her to leave her house by gunpoint and that she did not give anyone permission to search her house.[74] During trial, Algere testified that she gave the photograph of Petitioner to the police.[75] The affidavit does not mention the photograph. Therefore, the affidavit does not contradict Algere's testimony that she gave the police the photograph or suggest that the photograph was unlawfully seized by the police. Moreover, the photograph Algere gave to the police was not used in the photo lineups.[76]

Both victims positively identified Petitioner as the shooter when presented with the photo lineups and at trial. On habeas review, the Court "must defer to the fact-finder to evaluate the credibility of witnesses."[77] When the evidence in this case is viewed in the light most favorable to the prosecution, it cannot be said that the guilty verdict was irrational.[78] Accordingly, on de novo review, the Court finds that the state court's denial of relief on Petitioner's sufficiency of the evidence claim was not contrary to, nor did it involve an unreasonable application of, federal law.

## B.   *Excessive Sentence*

Petitioner does not object to the Magistrate Judge's finding that Petitioner's excessive sentence claim was without merit. Accordingly, the Court reviews the Magistrate's recommendation for plain error.

The Eighth Amendment "preclude[s] a sentence that is greatly disproportionate to the offense, because such sentences are cruel and unusual."[79] "Although wide discretion is accorded a

---

[74] Rec. Doc. 15 at 5.

[75] State Rec., Vol. III of V, Trial Transcript at 137.

[76] State Rec., Vol. III of V, Hearing Transcript at 7, 25–26, April 29, 2009.

[77] *Knox v. Butler,* 884 F.2d 849, 851–52 (5th Cir. 1989).

[78] *Jackson*, 443 U.S. at 319.

[79] *McGruder v. Puckett*, 954 F.2d 313, 315 (5th Cir. 1992) (internal citations and quotation marks omitted).

state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law."[80] When a sentence is within the statutory limits prescribed by state law, a petitioner "must show that the sentencing decision was wholly devoid of discretion or amounted to an arbitrary or capricious abuse of discretion, or that an error of law resulted in an improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty." [81]

Here, Petitioner was sentenced to 30 years imprisonment on each of his attempted second degree murder convictions, to be run concurrently. The Magistrate correctly noted that these sentences were within the middle of the statutory range prescribed by Louisiana law.[82] Moreover, there were factors justifying this sentence. Petitioner fired five shots at the vehicle without any apparent provocation, and both victims received gunshot wounds that required medical attention. Therefore, Petitioner has not shown that the sentencing decision was wholly devoid of discretion or amounted to an arbitrary or capricious abuse of discretion.[83] Accordingly, reviewing for plain error, and finding none, the Court adopts the Magistrate Judge determined that Petitioner could not show that the state court's decision rejecting his excessive sentence claim was contrary to, or involved an unreasonable application of, clearly established federal law.

---

[80] *Haynes v. Butler*, 825 F.2d 921, 923–24 (5th Cir. 1987).

[81] *Id.* at 924 (internal citations and quotation marks omitted).

[82] Louisiana law provides that a person convicted of attempted second degree murder shall be imprisoned at hard labor for not less than 10 years nor more than 50 years. La. R.S. §§ 14:30.1, 14:27.

[83] *Haynes*, 825 F.2d at 924.

### C. *Ineffective Assistance of Counsel*

Petitioner objects to the Magistrate's finding that his ineffective assistance of counsel claim was without merit.[84] Specifically, Petitioner argues that his counsel's failure to file a motion for reconsideration of sentence prejudiced him because it denied him the opportunity to present mitigating factors which could have resulted in a lesser sentence.[85] Accordingly, the Court reviews this claim de novo.

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[86] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[87]

To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[88] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[89] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[90]

---

[84] Rec. Doc. 14 at 6.

[85] *Id.*

[86] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[87] *Id.* at 697.

[88] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[89] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[90] *See Strickland*, 466 U.S. at 689.

To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[91] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[92] As courts determine whether this prong is satisfied, they must consider "the relative role that the alleged trial errors played in the total context of [the] trial."[93]

As the record shows, the Louisiana Fourth Circuit Court of Appeal identified the governing legal standard found in *Strickland* and applied it to Petitioner's claim that his counsel was ineffective in failing to file a motion to reconsider Petitioner's sentence.[94] The Louisiana Fourth Circuit reasoned that Petitioner's excessive sentence claim was without merit, and so counsel should not be deemed ineffective for failing to file a motion to reconsider sentence.[95] In considering Petitioner's ineffective assistance of counsel claims on federal habeas corpus review, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable—a substantially higher threshold."[96] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[97] Thus, this standard is considered "doubly deferential" on habeas corpus review.[98]

---

[91] *Id*. at 694.

[92] *Id*.

[93] *Crockett*, 796 F.2d at 793.

[94] *State v. Washington*, No. 2010-KA-1026 (La. App. 4th Cir. 1/26/11), 2011 WL 9159674, at *6–7.

[95] *Id.* at *8.

[96] *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)) (quotation marks omitted).

[97] *Id*.

[98] *Id*.

Petitioner contends that his trial counsel was ineffective in failing to present the following mitigating factors to support a lesser sentence: (1) he had not been involved in any criminal activity for 15 years; (2) he maintained a steady job; and (3) he supported his girlfriend and her family.[99] Review of the sentencing hearing transcript reveals that trial counsel presented the fact that Petitioner was employed as a sanitation worker for a period of 15 years to the trial court during sentencing.[100] During the sentencing hearing, trial counsel also noted that Petitioner's girlfriend had testified during the trial about her relationship with Petitioner and Petitioner's character.[101] Moreover, the state trial court judge presided over both the trial and the sentencing hearing. The trial court was aware of the facts of the case, and there is no reason to believe the trial court would have been persuaded by a motion for reconsideration of sentence. On direct appeal, the Louisiana Fourth Circuit also determined that Petitioner's sentence was not excessive. Therefore, Petitioner has not established a reasonable probability that, but for counsel's failure to file a motion for reconsideration of sentence, the result of the proceeding would have been different. Accordingly, on de novo review, the Court finds that the state court's denial of relief on Petitioner's ineffective assistance of counsel claim was not contrary to, nor did it involve an unreasonable application of, federal law.

---

[99] Rec. Doc. 14 at 6.

[100] State Rec., Vol. III of V, Sentencing Transcript at 2–3, December 15, 2009.

[101] *Id*.

## V. Conclusion

For the foregoing reasons, the Court finds that the state court's denial of relief on Petitioner's claims was not contrary to, nor did it involve an unreasonable application of, federal law. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation issued by the Magistrate Judge and **DISMISSES** Petitioner's claims **WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this __2nd__ day of December, 2016.

_____
**NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE**